Harold M. GAY, Plaintiff,

v.

Daniel J. AFFOURTIT, Manuel F. Labee, Stuart H. Archer, Richard L. Burke, Thomas F. Brielmann and James E. Rogers, Defendants.

No. 89 CIV. 4757(CBM).

United States District Court, S.D. New York.

Dec. 10, 1999.

James N. Blair, Wolman, Babitt, Kiung, New York City, for Defendants.

*MEMORANDUM OPINION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

MOTLEY, District Judge.

BACKGROUND

This case involves claims of defamation, prima facie tort and conspiracy. The plaintiff, Harold M. Gay, worked as a pilot for Pan American World Airways ("Pan Am"). Gay contends that the defendants, fellow Pan Am employees, circulated false rumors that he allowed a flight attendant to fly an aircraft and that he did not properly complete certain training requirements. Plaintiff claims that the defendants fabricated both rumors and intentionally disseminated the rumors throughout the Pan Am community. Plaintiff claims that defendants' spreading of these rumors caused Pan Am to dismiss him and caused other carriers to decline to hire him after Pan Am ceased operations.

The relevant incident regarding the flight attendant allegedly occurred during a flight on September 21, 1988. The allegations were that Gay invited a flight attendant, Naomi Kaneda, to sit in the vacant First Officer's seat while the aircraft was aloft and allowed her to manipulate certain controls. Plaintiff claims that no such impropriety occurred and that the defendants maliciously circulated these false rumors. The airline conducted an

investigation in response to these reports. Pan Am concluded this investigation at the end of 1988 and dismissed Gay from his job. Gay filed a grievance which was addressed in an arbitration proceeding. At the conclusion of the arbitration process in July of 1991, Pan Am reinstated Gay with full back pay.

The allegations of training improprieties related to Gay's qualification as a B–747 captain in 1988. Gay contends that several defendants who were members of the Master Executive Council of the Air Line Pilots Association ("pilots' union") conspired to bring such allegations to the attention of the Federal Aviation Administration ("FAA"). The FAA later determined that Gay had properly completed the relevant training requirements. Gay additionally contends that certain of the defendants acted to widely disseminate the allegations and that most of Pan Am's pilots became aware of the charges.

On December 4, 1991 Pan Am ceased operations, and all Pan Am pilots, including Gay, stopped flying for the bankrupt carrier. Gay claims that he experienced difficulties in securing another pilot position because of the rumors which defendants had spread. Gay currently works for a foreign carrier.

While employed by Pan Am, plaintiff had served as a union leader. Gay served as chairman and captain representative for the Local Executive Counsel of the pilots' union. Defendants have argued that Gay's union position makes Gay a limited public figure and raises the standard of what Gay must prove in order to prevail on his defamation claim.

ANALYSIS

Defendants have moved for summary judgment on all of Plaintiff's claims. Summary judgment is appropriately employed to dispose of litigation that is without merit. *See Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980). The mechanism of summary judgment promotes judicial economy by pre-venting further litigation on an issue with an unalterably predetermined outcome because a reasonable factfinder could only rule one way. However, as in the present case, when a reasonable factfinder could find in favor of either party, summary judgment is inappropriate and the plaintiff is entitled to further present his case.

> Summary judgment may be granted only if the moving party can show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party.

*Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 107 (2d Cir.1998) (internal citations omitted).

In order to survive defendants' motion for summary judgment, Gay must offer evidence sufficient to suggest that a genuine issue of material fact exists. Gay has met the required burden.

> Upon being confronted with a motion for summary judgment the party opposing it must set forth arguments or facts to indicate that a genuine issue—not merely one that is colorable—of material fact is present.

*Gibson v. American Broadcasting Companies*, 892 F.2d 1128, 1132 (2d Cir.1989). In the present case, Gay has met that burden by producing evidence to suggest that defendants knowingly disseminated false rumors motivated by malice and malice alone.

Defendants contend that Gay's union activities make him a limited public figure such that the higher defamation standard outlined in *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) (requiring a public figure to prove malice) would apply to his defamation claims. For the purposes of this summary judgment motion, the court need not presently decide if Gay was a limited public figure because Gay has produced enough evidence to suggest that he might

prevail on his defamation claim even under the *New York Times* standard. Plaintiff's proffered evidence is sufficient for a reasonable factfinder to determine that defendants disseminated rumors they knew to be false motivated solely by malice.

 Defendants have argued that even if plaintiff can prove that defendants spread rumors about him that they enjoyed qualified immunity to do so based on the content of these rumors. Defendants argue that the content of these rumors impugns Gay's competence to safely fly an airplane. The argument follows that the audience of these rumors, the Pan Am community, had a special interest in such information because they might be present on Pan Am aircrafts piloted by Gay. Defendants argue they had a duty to inform members of the Pan Am community regarding the allegations about Gay based on a common interest in safety. Defendants' claim of qualified immunity cannot be resolved at summary judgment because issues of material fact exist. Again, plaintiff has offered sufficient evidence such that he may convince a reasonable factfinder that defendants fabricated allegations which they disseminated solely out of malice. The qualified immunity argument would not protect defendants from defamation charges it they knew the allegations were false because then no common interest in safety would exist. Thus the court is not presently in a position to authoritatively assert that a reasonable factfinder would either accept or reject the qualified immunity defense.

Similarly, material factual questions remain making it inappropriate to dismiss plaintiff's claim for prima facie tort. Plaintiff has produced enough evidence in support of his claim to survive summary judgment. It is certainly possible that plaintiff will succeed in convincing a factfinder that defendants acted with disinterested malevolence in spreading false rumors about Gay. Plaintiff may succeed in his attempt to show that defendants inflicted special damages upon plaintiff for no personal benefit except satisfying the desire to inflict such harm.

Defendants have argued that if the court grants defendants' motion for summary judgment on Gay's defamation and prima facie tort claims then it should also dismiss Gay's conspiracy claims, as the conspiracy charge is based on the same set of facts. The material issues of fact which prevent summary judgment on the defamation and prima facie tort claims also preclude summary judgment on the conspiracy claim.

## CONCLUSION

Plaintiff has produced sufficient evidence to establish several genuine issues of material fact regarding his defamation, prima facie tort, and conspiracy claims. The court now denies defendants' motion for summary judgement.